IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WILLIAM J. BESSEY,

    Plaintiff,

v.                                                                               C.A. No.: 1:20-cv-437

ACT GLOBAL AMERICAS, INC., d/b/a
ACT GLOBAL SPORTS, INC., and
JOHN BAIZE,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM J. BESSEY (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, ACT GLOBAL AMERICAS, INC. d/b/a ACT GLOBAL SPORTS, INC., and JOHN BAIZE (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seek damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, ACT GLOBAL AMERICAS, INC., d/b/a ACT GLOBAL SPORTS, INC., maintain offices in Travis County, Texas.

## THE PARTIES

4. Plaintiff, WILLIAM J. BESSEY, is an individual residing in Williamson County, Texas.

5. Defendant, JOHN BAIZE, is an individual residing in Travis County, Texas, and at all times relevant to this matter was the Chief Executive Office of Defendant, ACT GLOBAL AMERICAS, INC., d/b/a ACT GLOBAL SPORTS, INC., acting directly or indirectly in the interest of Defendant, ACT GLOBAL AMERICAS, INC., d/b/a ACT GLOBAL SPORTS, INC., in relationship to Plaintiff.

6. Defendant, JOHN BAIZE, hired the Plaintiff and also supervised and controlled Plaintiff's conditions of employment. Defendants, JOHN BAIZE, determined the rate and method of payment for Plaintiff.

7. Defendant, JOHN BAIZE, is an employer of the Plaintiff as defined by

the Fair Labor Standards Act, 29 U.S.C. § 203(d).

8.    Defendant, ACT GLOBAL AMERICAS, INC., d/b/a ACT GLOBAL SPORTS, INC., is a corporation formed and existing under the laws of the State of Delaware and maintains offices in Travis County, Texas, and its primary business is as a synthetic turf manufacturer.

9.    Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10.   At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

## UNPAID OVERTIME IN VIOLATION OF THE FLSA

11.   At all times material to this complaint, Defendant, ACT GLOBAL AMERICAS, INC., d/b/a ACT GLOBAL SPORTS, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12.   Defendants employed Plaintiff, WILLIAM J. BESSEY, from approximately November of 2018, until January of 2020, as a "Draftsman," at Defendants' offices in Austin, Texas and was paid at on a salary basis of $42,000.00 per year.   Plaintiff's duties were to create drawings and descriptions for the creation

of artificial turf for sports fields

13. As part of Plaintiff's regular and recurring job duties, Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities through his use of the channels of interstate commerce, *i.e.*, making interstate telephone calls and using the internet.

14. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

15. Plaintiff did not occupy a position that would be considered as exempt under the FLSA.

16. Plaintiff worked numerous weeks in excess of forty hours per workweek, and was not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

17. Defendants did not maintain accurate time records.

18. Plaintiff regularly worked 40 hours per workweek. However, during the approximate time period of March of 2019 through July of 2019, Plaintiff worked approximately 80 hours in each workweek, but was not paid any additional overtime premium in accordance with the FLSA.

19. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

20. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

21. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

22. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, WILLIAM J. BESSEY, demands Judgment against Defendants, jointly and severally, for the following:

   a. Awarding Plaintiff his compensatory damages, attorneys' fees and litigation expenses as provided by law;

   b. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

   c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demand a jury trial on all issues so triable.

Respectfully submitted this April 24, 2020.

> **ROSS • SCALISE LAW GROUP**
> 1104 San Antonio Street
> Austin, Texas 78701
> (512) 474-7677 Telephone
> (512) 474-5306 Facsimile
> Megan@rosslawgroup.com
>
>
> */s/ Megan E. Evans*
> **MEGAN E. EVANS**
> Texas Bar No. 24090092
>
> **DANIEL B. ROSS**
> Texas Bar No. 789810
> **ATTORNEYS FOR PLAINTIFF**